IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROSS PUSATERE,<br><br>             Plaintiff,<br><br>   v.<br><br>JEVIC TRANSPORTATION, INC., et al,<br><br>             Defendants. | Civil No. 08-3224 (RMB)<br><br>**OPINION & ORDER** |

     THIS MATTER comes before the Court upon its own motion.  On May 20, 2008, Defendants filed a petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  (Def. Removal at ¶1).  Two days later, on May 22, 2008, Plaintiff filed the above-captioned matter in the Superior Court of New Jersey - Law Division, Burlington County.  (Compl., attached to Def. Removal as Ex. A).  Defendants removed the matter to this Court on June 27, 2008, pursuant to 28 U.S.C. § 1441.  (Def. Removal).  The notice of removal states,

> [r]emoval is proper pursuant to 28 U.S.C. §§ 157, 1334, 1412 and 1441, 11 U.S.C. § 362(a), and Fed. R. Bankr. P. 9027 because JEVIC Transportation has filed a petition for relief in bankruptcy in the United States Bankruptcy Court for the District of Delaware ... and because JEVIC Transportation has cases pending against them in the United States Bankruptcy Court for the District of Delaware.

1

(Id. at ¶5). Contrary to Defendants' assertion, however, none of the statutory provisions cited provides this Court with proper subject matter jurisdiction.

To confer a federal court with jurisdiction, there must be either a federal question or diversity of citizenship. See 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that the parties be from different states and that the "matter in controversy exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. In their notice of removal, Defendants do not assert either federal question jurisdiction nor diversity jurisdiction. Moreover, a reading of the Complaint shows that this matter is an action to recover unpaid wages in the amount of $8,857 – it does not involve a federal question nor the requisite amount in controversy. Consequently, this Court lacks subject matter jurisdiction over this case and must remand it to state court. Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000) ("[w]henever [] subject-matter jurisdiction is absent, the district court must remand the case to the state court").

In addition to the jurisdictional problem, Defendants' removal is improper at this time. The law is clear that "when an action is filed post-petition, in violation of the stay, the debtor must wait until the stay is lifted before filing a petition to remove." Easley v. Pettibone Michigan Corp., 990

F.2d 905, 908 (6th Cir. 1993); see also In re Columbus Broadway Marble Corp., 84 B.R. 322, 326 (Banrk. E.D.N.Y. 1988)(noting that the Advisory Committee's Note to Bankruptcy Rule 9027(a)(3) "indicates that removal of post-petition actions applies to litigation not stayed by the Bankruptcy Code § 362(a) or by court order") (emphasis added).  Plaintiff filed this action two days after the automatic stay was put in place (i.e., when Defendant filed its petition) and Defendant has not alleged that the stay has been lifted.

Moreover, by Defendants' own assertion, the Complaint is void ab initio because it "was filed in violation of the automatic stay." (Def. Notice of Removal ¶8).  Thus, "inasmuch as ... the action is void, the action is incapable of being removed in any event."  In re Columbus Broadway Marble Corp., 84 B.R. at 326 n. 4) (denying defendants' removal application).

In sum, because the Complaint and Notice of Removal do not confer subject-matter jurisdiction over the above-captioned matter and because Defendants' removal is improper,

IT IS HEREBY **ORDERED** that the above-captioned matter is **REMANDED** to the Superior Court of New Jersey - Law Division, Burlington County.

Dated:  July 1, 2008               s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge